GREGORY v. OBRIAN.

If an appeal is dismissed for the insufficiency of the affidavit, this court will not grant a mandamus to compel the court of Common Pleas to allow the appellee to take from the files of that court, the appeal bond for prosecution.

If an appeal is dismissed for want of jurisdiction in the court, or for failure or omission or defect of matters antecedent to the appeal, the appellee must seek redress, not upon the bond, but in such other mode as the law has provided for him.

This was an appeal to the Court of Common Pleas in and for the county of Bergen, from a judgment rendered, upon the verdict of a jury, in a court for the trial of small causes. When the cause was called up for trial in the Court of Common Pleas, the appellee, who was the plaintiff below, moved to dismiss the appeal, for the insufficiency of the affidavit made at the time of demanding the appeal before the justice, and the court dismissed the appeal. The appellee then moved the court for leave to

take from the files of the court, the appeal bond for prosecution, which the court refused. And now at this term, *J. P. Jackson*, applied to this court for a mandamus to compel the Court of Common Pleas to grant the rule sought for by the appellee.

*E. B. D. Ogden*, opposed the application.

EWING, C. J. An appeal between these parties from a judgment founded on a verdict, was dismissed by the Court of Common Pleas of the county of Bergen, for insufficiency of the affidavit delivered to the justice. After the dismissal, the appellee moved the court for leave to take the appeal bond for prosecution, which being refused, a mandamus requiring the court to grant leave, is now sought.

The condition of the bond is, that the appellant shall appear and prosecute the appeal in the Court of Common Pleas, stand to and abide the judgment of that court, and pay such farther costs as shall be taxed, if the judgment be affirmed. The terms of the bond are predicted of an appeal and of jurisdiction in the Court of Common Pleas to sustain it. They suppose an appeal in existence, duly taken, and relate to matters subsequent thereto. They provide for, and require the due prosecution of the appeal by the appellant after it has been granted. They do not relate either in letter or spirit to acts antecedent to the appeal, which are required to be performed in order to obtain it, and without which it could not have legal existence. No security to perform such acts could be requisite, because they are to be done prior to the appeal, and without them, the appeal ought not to be granted by the justice. An omission to perform such acts, is not, therefore, within the condition of the bond, and cannot cause a forfeiture. Hence it follows that a defect in the bond, or a defect in the affidavit, both of which are matters antecedent to the allowance of the appeal by the justice, does not constitute a failure to " prosecute the appeal in the Court of Common Pleas," within the condition of the bond. We have decided in *Van Riper* v. *Scott*, 6 *Halst*, 315, that the Court of Common Pleas ought not to deliver the bond to the appellee for prosecution, when the appeal is dismissed by reason of a defect in the bond. The principle on which that decision rests, requires a like direction where the appeal, as in the case now be-

fore us, was dismissed on account of a defect in the affidavit. If the appellant appears in the Court of Common Pleas, and prosecutes the appeal so far as he is permitted by the court, abides the judgment of the court, and pays such farther costs as may be taxed if the judgment be affirmed, he complies with the condition of his bond, and should be protected from prosecution upon it. If the appeal is dismissed for want of prosecution in the Court of Common Pleas, if, after the appeal is granted, the appellant neglects to pursue such measures as the due prosecution of the appeal requires, the bond is forfeited. If the appeal is dismissed for want of jurisdiction in the court, or for failure or omission of defect of matters antecedent to the appeal, the appellee must seek redress, not upon the bond, but in such other mode as the law has provided for him.

FORD, J. and DRAKE, J. concurred.

Mandamus refused.